FILED
SUPERIOR COURT
OF GUAM

~~ SEP -8 AM 11: 38

CLERK OF COURT
D: 9

## IN THE SUPERIOR COURT OF GUAM

THE PENPLE OF GUAM,      )
                                      )
     vs.                           )
                                        )
ANTONIO ROKE QUITUGUA,      )
                                      )
     Defendant.              )
                                      )

**CRIMINAL CASE NO. CF0078-14**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Antonio Roke Quitugua's motion to suppress, filed April 14, 2014. Oral arguments were heard on June 23, 2014 and August 8, 2014. Assistant Attorney Generals J. Basil O'Mallan III and Brian D. Gallagher appeared on behalf of the Government, Assistant Public Defender Shane F.T. Black represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with the offense of (1) Burglary, as a second degree felony; (2) Conspiracy to Commit Burglary, as a second degree felony; (3) Theft of a Firearm, as a third degree felony; (4) Theft Receiving a Motor Vehicle, as a second degree felony; and (5) Unauthorized Use of a Motor Vehicle, as a misdemeanor. Each are alleged to have occurred on or about February 2, 2014. (Indictment, 1-3, Feb. 25, 2014).

On February 18, 2014, Guam Police Detective Richard B. Veluz (hereinafter "Detective Veluz") was assisting in a suspect check of Defendant in the follow-up investigation of a

burglary complaint where firearms were stolen from a residence in Yigo. (Testimony of Richard B. Veluz, Record Log at 9:12:23, Jun. 23, 2014). Upon arrival at Defendant's residence with other detectives around 9:30 a.m. and after splitting up to survey the residence, Detective Veluz witnessed another detective speaking to Defendant. *Id.* The detective told Defendant that his presence was needed and asked if he would go to their office for questioning. *Id.* Defendant complied with the Detective's request and gave verbal consent to search the residence for weapons related to the burglary complaint, but no weapons were found. *Id.* At around 9:49 a.m. in front of Defendant's residence, Detective Veluz read Defendant the Custodial Rights Form and advised Defendant of his *Miranda* rights. *Id.*; (Testimony of Richard B. Veluz, Record Log at 9:43:40, Aug. 4, 2014). Defendant appeared to have understood his rights when he signed the form. (Testimony of Richard B. Veluz, Record Log at 9:17:12, Jun. 23, 2014). The detectives then asked Defendant to come down to their office for further questioning related to the case, and Defendant agreed. *Id.* The detectives patted Defendant down and transported him to the Criminal Investigation Section (hereinafter "CIS"). *Id.* Defendant was never handcuffed. *Id.*

At an interview room in CIS, the detectives reminded Defendant of his *Miranda* rights. *Id.* The detectives asked Defendant why he was brought in for questioning, whereupon Defendant responded that he knew the reason and consented to the interview. *Id.* At no time during the interview did Defendant express that he wished to speak to an attorney. *Id.* During the interview, Defendant stated that he was involved in the burglary and there were two other people involved: Joshua and Jathan Tedtaotao. *Id.* Defendant informed the detectives that he was with Joshua and Jathan Tedtaotao on the day the burglary took place, that he was in a vehicle with Joshua at the residence that was burglarized, and that Defendant received a call from Jathan to bring the vehicle closer to the residence. *Id.* Defendant said that he assisted in moving the firearms into the vehicle. *Id.* Defendant indicated that he went to a residence in Okkodo and saw an individual holding the same rifle that they took from the Yigo residence. *Id.* Based on Defendant's statements, a search warrant was issued. *Id.* The weapon that Defendant mentioned was found at the Okkodo residence. *Id.* Sometime after lunch, Defendant

traveled with the detectives to identify the residence, and he was not handcuffed during this time. *Id.* After the identification, Defendant was taken back to the interview room. *Id.*

The Government asserts that Defendant was not taken to a magistrate in the afternoon on February 18, 2014 because he was being interviewed regarding the burglary. (Testimony of Richard B. Veluz, Record Log at 9:41:40, Aug. 4, 2014). Defendant was placed under arrest at 5:24 p.m. on February 18, 2014. *Id.* Defendant was not questioned any further, and the investigation was concluded after Defendant was placed under arrest. *Id.* After Defendant was advised of his *Miranda* rights at around 9:49 a.m. on February 18, 2014, Defendant never invoked his right to counsel. *Id.* It is undisputed that Defendant was brought before a magistrate sometime in the early afternoon, after 1:00 p.m., on February 20, 2014. (Opp'n Mot., Exhibit 3, Apr. 28, 2014); (Reply, 3, May 7, 2014).

On April 14, 2014, Defendant filed a motion to suppress statements made by Defendant to law enforcement agents on February 18, 2014. Defendant argues that his statements should be suppressed because: (1) they were made after unnecessary delay; and (2) they were made outside an attorney's presence after he invoked his right to an attorney. (Mot. Suppress, 5-11, Apr. 14, 2014).

On April 29, 2014, the Government filed an opposition. The Government contests that many of the facts alleged by Defendant are untrue. (Opp'n Mot., 2, Apr. 29, 2014). Furthermore, the Government argues that there was no unnecessary delay in presentment to a magistrate when the time between Defendant's formal arrest and Defendant's presentment to the magistrate occurred within forty eight (48) hours. *Id.* at 6. In support of this argument, the Government cites the Supreme Court of Guam's decision in *People v. Santos*, 2003 Guam 1 ¶ 62 and *People v. Camacho*, 1999 Guam 27 ¶ 34. *Id.* In those decisions, the Supreme Court of Guam determined 48 hours as the outer limit for the time of presentment to a magistrate. *Id.* As to Defendant's argument that the officers questioning him violated his *Miranda* rights, refusing to cease questioning after he invoked his right to counsel, the Government contends that Defendant did not invoke his right to counsel during the interview and thus there was no constitutional violation. *Id.* at 7.

On May 7, 2014, Defendant filed a reply. Defendant contends that the present case can be distinguished from the Supreme Court of Guam's custody analysis in *People v. Santos* and *People v. Camacho*. (Reply, 2, May 7, 2014). Defendant asserts that the period of delay with which Defendant was brought before a magistrate should be measured from the morning of February 18, 2014 because this was the time of his actual arrest under 8 GCA § 20.10. *Id.* at 5. Because he was not brought to a magistrate for over 48 hours in violation of 8 GCA § 45.10 (c), Defendant argues that, despite any rights waiver, the delay was unreasonable under the *McNabb-Mallory* rule, where voluntary confessions are inadmissible if given after an unreasonable delay in presentment. *Id.*

## DISCUSSION

Under Guam law, "[a]n officer making an arrest under a warrant or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before a judge of the Superior Court." 8 GCA § 45.10(a) (2013). Unless the government can demonstrate that a bona fide emergency or an extraordinary circumstance existed, "[t]he person arrested *shall* in all cases be taken before the judge within forty-eight (48) hours after the arrest." 8 GCA § 45.10(c) (2013) (emphasis in original). Under the *McNabb-Mallory* rule, "any evidence obtained by police during interrogation *after* arrest, may not be used against that arrestee at trial where there was an unreasonable delay in bringing the arrestee before a magistrate for arraignment." *People v. Santos*, 2003 Guam ¶ 61 (internal footnote and citations omitted) (emphasis added). The Court shall first determine when Defendant was arrested. Thereafter, the Court shall determine whether the evidence obtained by police after his arrest, if any, warrants suppression under the *McNabb-Mallory* rule.

## I.     The Arrest

The parties dispute when Defendant was arrested. Defendant argues that he was arrested at some point between 9 a.m. and 10 a.m. on February 18, 2014 when the detectives appeared in front of his residence, read him his rights pursuant to the Custodial Rights Form, and transported Defendant to CIS. (Reply, 2-3, May 7, 2014). Accordingly, his presentment to a magistrate after 1:00 p.m. on February 20, 2014 was outside the maximum time period set out in

8 GCA § 45.10(c). *Id.* at 3. The Government contends that Defendant was formally arrested at 5:24 p.m. on February 18, 2014, and that he was presented to a magistrate within forty eight (48) hours after the arrest. (Opp'n Mot., 6, Apr. 28, 2014).

Under Guam law, "[a]n arrest is made by an actual restraint of the person." 8 GCA § 20.10. Handcuffs curtail the freedom of movement by actual restraint and constitute an arrest. *People v. Cundiff,* 2006 Guam 12 ¶¶ 19-20 (*quoting Sibron v. New York,* 392 U.S. 40, 67 (1968)). An arrest may also occur even if police have not formally arrested the person, or if there is no physical restraint when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.* at 20 (*quoting United States v. Mendenhall,* 446 U.S. 544, 554 (1980)).

Based upon the evidence adduced at the suppression hearing, the Court finds that Defendant was arrested at 5:24 p.m. on February 18, 2014. Defendant was never handcuffed before 5:24 p.m. and the detectives only asked Defendant for his cooperation, to which he complied. Furthermore, evidence was presented at the suppression hearing to support a finding that Defendant was never actually restrained. Thus there is a lack of sufficient evidence to show that, considering all the circumstances presented, a reasonable person in Defendant's situation would have believed that he or she was not free to leave. *Id.* In addition, this Court's decision as to the time of arrest is supported by Guam Supreme Court precedent.

In *People v. Camacho,* upon *de novo* review, the Supreme Court of Guam affirmed the trial court's decision that the defendant was arrested at 6:20 p.m. *People v. Camacho,* 1999 Guam 27 ¶¶ 17, 34. Prior to the arrest, the defendant agreed to accompany the police officers to CIS at approximately 7:39 a.m. on the same date, gave incriminating statements during one of two interviews, drew sketches of the events in question, and reenacted the incident. *Camacho,* 1999 Guam 27 ¶¶ 6-10. Like the defendant in *Camacho,* who cooperated with the police in various ways for approximately 11 hours, Defendant in the present case cooperated for a shorter period of approximately 8 hours. Because the Guam Supreme Court found that the defendant in *Camacho* was not under arrest during his approximately 11 hour cooperation with the police where the *Camacho* defendant was asked to cooperate in more ways than Defendant here, the

Court is bound by precedent to find that Defendant was not under arrest in this case until his formal arrest at 5:24 p.m.

## II.     The Effect of the *McNabb-Mallory* Rule

Having found that the arrest occurred at 5:24 p.m. on February 28, 2014, suppression under the *McNabb-Mallory* rule is not warranted in this case because Defendant did not make any statements pertaining to the investigation after his arrest. *Santos*, 2003 Guam ¶ 61. Moreover, there was no violation of 8 GCA § 45.10(c) because Defendant was presented to a magistrate within 48 hours of his arrest. 8 GCA § 45.10(c) (2013)

It bears noting that Defendant was advised of his *Miranda* rights on at least two occasions before his arrest. (Testimony of Richard B. Veluz, Record Log at 9:12:23, Jun. 23, 2014); (Testimony of Richard B. Veluz, Record Log at 9:43:40, Aug. 4, 2014). Even after he was advised of his rights, Defendant agreed to cooperate with the detectives. (Testimony of Richard B. Veluz, Record Log at 9:12:23, Jun. 23, 2014). The Supreme Court of Guam has acknowledged that "the fundamental concerns that led to the *Mallory* and *McNabb* decisions are adequately addressed by compliance with the requirements of *Miranda*." *People v. Santos*, 2003 Guam 1 ¶ 63 (*quoting United States v. Bell*, 740 A.2d 958, 964 (D.C.1999)). Consequently, in light of Defendant's waiver, questions regarding the voluntariness of Defendant's statements and related concerns stemming from the *McNabb-Mallory* rule are not disputable in this case. *Id.*

For these reasons, Defendant's motion to suppress under the *McNabb-Mallory* rule is denied. Defendant alternatively sought suppression by arguing that Defendant invoked his right to an attorney and was subjected to interrogation outside of an attorney's presence. (Mot. Suppress, 10, Apr. 14, 2014). However, evidence was presented during the suppression hearing indicating that Defendant never invoked his right to counsel. No evidence to the contrary was presented. Therefore, Defendant's motion to suppress under this alternately theory is also denied.

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to suppress is hereby DENIED.

SO ORDERED this ___8TH___ day of September, 2014.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
AG, M. Smith
S. Black & DWR
Date: 9/8/14 Time 11:45AM

Deputy Clerk, Superior Court of Guam